# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

October 20, 2016

Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Ferreras v. United States*, 03 Cr. 1102 (DLC); 16 Civ. 4765 (DLC)**

Dear Judge Cote:

I write on behalf of Edwin Ferreras in response to the Court's Order of September 9, 2016 directing Federal Defenders to consult with Mr. Ferreras and respond to the Court's order to show cause why his § 2255 petition for relief under *Johnson v. United States*, 135 S. Ct. 2251 (2015) should not be dismissed in light of the Second Circuit decision in *United States v. Hill*, 2016 WL 4129228 (2d Cir. Aug. 3, 2016).

For the reasons further discussed below, including the fact that on September 29, the Supreme Court granted *certiorari* on an issue that will likely be dispositive in this case, I ask the Court to stay the proceedings. Other courts in this district have recently granted such stays. *See, e.g., Gonzalez v. United States*, 16-cv-4184 (RJS); *Wright v. United States*, 16-cv-4408 (KMW); *Rosario-Figueroa v. United States*, 16-cv-4469 (VEC). I have consulted with Mr. Ferreras about this request.

Mr. Ferreras has been in custody since June 12, 2003. In 2004 he was convicted of one count of conspiracy to commit robbery (in violation of 18 U.S.C. § 1951); one count of brandishing a firearm in relation to a conspiracy to commit a robbery (in violation of 18 U.S.C. § 924(c)(1)(a)(ii); one count of robbery (in violation of 18 U.S.C. § 1951); and conspiracy to distribute cocaine (in violation of 21 U.S.C. § 846, 841 (b)(1)(B)). He was sentenced to 235 months imprisonment, 84 months of which was a mandatory consecutive sentence for the § 924(c) conviction.

Mr. Ferreras petitioned the Court to vacate his § 924(c) conviction on the ground that after *Johnson*, his predicate offense, conspiracy to commit robbery, is no longer a crime of violence within the meaning of § 924(c). In *Hill*, the Second Circuit ruled that the residual clause of § 924(c) (found in § 924(c)(3)(B)) is not void for vagueness under *Johnson*. In addition, the Court held that a completed Hobbs Act robbery is a crime of violence under §

Honorable Denise Cote  
United States District Judge  

October 20, 2016  
Page 2

924(c)'s force clause (found in § 924(c)(3)(A)). A separate Second Circuit case, *United States v. Barrett*, 2d Cir. #14-2641, which was argued on January 22, 2016, has not yet been decided. It presents the additional issue, relevant here, of whether conspiracy to commit Hobbs Act robbery (as opposed to the completed offense) is a crime of violence.

Our office represents Mr. Hill and on September 16, 2016, we filed a petition for rehearing and rehearing *en banc*. As *Hill* recognizes (2016 WL 4120667, at *11-*12), there is a deep Circuit split on the issue of whether *Johnson* has invalidated the residual clause in § 924(c). One of those cases, which is cited in *Hill*, is the Ninth Circuit decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), which held that the residual clause of 18 U.S.C. § 16(b), which is materially identical to that of § 924(c)(3)(B), is void for vagueness in light of *Johnson*.

The Government filed a petition for *certiorari* in *Dimaya*, which was granted three weeks ago on September 29. *See Lynch v. Dimaya*, S. Ct. #15-1498 (Sept. 29, 2016). Since the *certiorari* petition in *Dimaya* has been granted, the continued validity of *Hill* will depend on the Supreme Court's decision in that case.

In light of the fact that the Government's petition for *certiorari* has been granted in *Dimaya*, and the Supreme Court's decision in that case this term will likely be dispositive of the claim that Mr. Ferreras makes here, I respectfully request that the Court stay the proceedings in this case pending the decision in *Dimaya*. In the alternative, I ask that the Court stay the proceedings in this case until both *Barrett* (which precisely addresses the issue here) is decided, and the decision in *Hill* becomes final, including any *certiorari* petition.

A stay would promote efficiency because a dismissal of Mr. Ferreras' petition now will only result in an appeal that will likely be stayed in the Second Circuit pending the outcome in *Dimaya*. Holding the petition in this Court will prevent unnecessary litigation.

Respectfully submitted,

David E. Patton  
Attorney for Mr. Ferreras  
(212) 417-8738

cc: A.U.S.A. Jason Swergold (via ECF)